IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROGER P. JACKSON, M.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 20-1784 (RGA) |
| | ) |
| SEASPINE HOLDINGS CORPORATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| ROGER P. JACKSON, M.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-53 (RGA) |
| | ) |
| NUVASIVE, INC., | ) |
| | ) |
| Defendant. | ) |

## SCHEDULING ORDER

This __8th__ day of __April__, 2022, the Court having waived an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures.</u>  Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) by **April 22, 2022**. The Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information (''ESI'') (the "Default Standard"), is also incorporated herein by reference. The parties shall make their Initial Disclosures pursuant to Section 3 of the Default Standard by **May 11, 2022**. The parties in each of the above-captioned cases recognize that they

may deviate from the Default Standard upon agreement of the parties in each of the above-captioned cases.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **October 21, 2022**.

3. <u>Discovery</u>.

   a. <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before **June 30, 2023**.

   b. <u>Document Production</u>. Document production shall be substantially complete by **March 31, 2023**.

   c. <u>Requests for Admission</u>. Defendants are permitted a maximum of 50 requests for admission per Defendant, in each of the above-captioned cases. Plaintiff is permitted a maximum of 50 requests for admission per Defendant in each above-captioned case. Requests for admission to establish authenticity shall not be subject to the 50-request limit and shall be designated as such and served separately from requests for admission subject to the 50 request maximum.

   d. <u>Interrogatories</u>. Each party shall follow the numerical limits set forth in Federal Rule of Civil Procedure 33(a)(1).

   e. <u>Depositions.</u>

      i. <u>Limitation on Hours for Deposition Discovery</u>. Plaintiff is limited to a total of **seventy-five (75)** hours of taking non-expert testimony by deposition upon oral examination, including Rule 30(b)(6) depositions and depositions of third parties, for each Defendant. Defendants are collectively limited to a total of **twenty-five (25) shared** hours of taking non-expert testimony by deposition upon oral examination, including Rule 30(b)(6)

depositions and depositions of third parties. Each Defendant is entitled to take an additional **thirty-five (35)** hours of deposition testimony individually. No witness may be deposed more than once. The parties will meet and confer regarding the scheduling, coordination, and duration of Dr. Jackson's deposition, which is included in the allocated shared and individual hours of individual deposition testimony.

      ii.  <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a cross-claimant or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision. The parties agree to cooperate regarding the location of depositions, such that any party or representative, and any third party, shall be deposed at a location where the witness resides or at another mutually agreeable location, including by potential video conference.

    f.  <u>Discovery in Patent Litigation.</u>

      i.  <u>Identification of Accused Products and Asserted Patents</u>. On or before **May 11, 2022**, the Plaintiff shall specifically identify the accused products and the asserted patent(s) they allegedly infringe, and produce the file history for each asserted patent.

      ii.  <u>Production of Core Technical Documents</u>. On or before **June 10, 2022**, each Defendant shall produce to the Plaintiff the core technical documents related to the accused product(s), including but

        not limited to engineering drawings, operation manuals, product literature, schematics, and specifications.

   iii.    <u>Initial Infringement Contentions</u>.  On or before **August 4, 2022**, the Plaintiff shall produce to each Defendant its initial claim charts relating each accused product to the asserted claims each product allegedly infringes.

   iv.    <u>Initial Invalidity Contentions</u>.

On or before **October 6, 2022**, each Defendant shall produce to the Plaintiff its initial invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals and patents).

   v.    <u>Final Infringement Contentions</u>.  Within 30 days after the issuance of the Court's Claim Construction Order, Plaintiff shall produce to each Defendant its final claim charts relating each accused product to the asserted claims each product allegedly infringes.

   vi.    <u>Final Invalidity Contentions</u>.  Within 45 days after the issuance of the Court's Claim Construction Order, each Defendant shall produce to the Plaintiff its final invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals and patents).

   g.    <u>Discovery Matters and Disputes Relating to Protective Orders</u>.  Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's

Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than seven business days prior to the conference/argument, any party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than five business days prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's opposition. A party should include with its letter a proposed order with a detailed issue-by-issue ruling such that, should the Court agree with the party on a particular issue, the Court could sign the proposed order as to that issue, and the opposing party would be able to understand what it needs to do, and by when, to comply with the Court's order. Any proposed order shall be e-mailed, in Word format, simultaneously with filing to rga_civil@ded.uscourts.gov.

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

      h.     <u>Miscellaneous Discovery Matters.</u>

          i.     Plaintiff may institute further litigation in this or other Districts within the next year. Defendants do not expect to file any petitions for *inter partes* review.

          ii.     The parties will meet and confer in order to reduce the number of asserted claims and asserted prior art references as the case progresses, including (1) after the parties file their joint claim construction statement, and (2) following the Court's ruling on claim construction issues. The parties will confer in good faith to reach an agreement on the timing and manner of the reductions.

      iii.  Plaintiff represents that it is complying with the Court's requirement regarding the production of licenses and/or settlement agreements. All parties shall be prepared to discuss at the conference what their preliminary views of damages are.

  4.  <u>Application to Court for Protective Order</u>.  Counsel shall confer and attempt to reach an agreement on a proposed form of a protective order and submit it to the Court within thirty (30) days from the date of this Order.  Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(g) above.

  Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

  5.  <u>Papers Filed Under Seal</u>.  When filing papers under seal, counsel shall deliver to the Clerk the required number of copies as directed in paragraph 6.  A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

  6.  <u>Courtesy Copies</u>.  The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.).  This provision also applies to papers filed under seal.

  7.  <u>Claim Construction Issue Identification</u>.  On or before **October 20, 2022**, the parties to each case shall exchange a list of those claim term(s)/phrase(s) that they believe need construction.  On or before **November 10, 2022**, the parties shall exchange their proposed claim construction of those term(s)/phrase(s) the parties identified that they believe need to be construed.  These documents will not be filed with the Court. Subsequent to exchanging those lists, the parties

will meet and confer to prepare Joint Claim Construction Charts to be filed in their respective cases no later than **December 2, 2022**. The Joint Claim Construction Charts, in Word format shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Charts should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. The parties will endeavor to consolidate Joint Claim Construction Charts on disputed terms in common between the two cases. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

8. <u>Claim Construction Briefing.</u>[1] Plaintiff shall serve, but not file, its opening briefs, not to exceed 5,000 words, on **January 29, 2023**. Defendants shall serve, but not file, their answering briefs, not to exceed 7,500 words, on **February 23, 2023**. Plaintiff shall serve, but not file, its reply briefs, not to exceed 5,000 words, on **March 16, 2023**. Defendants shall serve, but not file their sur-reply briefs, not to exceed 2,500 words, on **April 6, 2023**. No later than **April 13, 2023**, the parties shall file Joint Claim Construction Briefs in their respective cases.[2] In each

---

[1] As each brief is written and provided to the opposing party, the individual responsible for verifying the word count will represent to the other party that it has so verified and by what means. These verifications should not be provided to the Court unless a dispute arises about them. Pictures, Figures copied from the patent, and other illustrations do not count against the word limit. Plaintiff should include with its opening brief one or more representative claims with the disputed terms italicized. Should Defendants want to add additional representative claims, Defendants may do so. The representative claims and the agreed-upon claim constructions do not count against the word limits.

[2] Plaintiffs' complaints asserted 20 patents between the two cases, but only two of those patents were asserted in common against both defendants. Accordingly, the parties propose separate briefing in each case, but will endeavor to consolidate Claim Construction Briefs on disputed terms in common between the two cases. The parties may request to modify the claim construction briefing process once the Joint Claim Construction Chart is finalized and the parties have a better understanding of the disputed term(s)/phrase(s) of the claim(s) in issue.

case, the parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I.      Representative Claims

II.     Agreed-upon Constructions

III.    Disputed Constructions

A.     [TERM 1][3]

1. Plaintiff's Opening Position
2. Defendant's Answering Position
3. Plaintiff's Reply Position
4. Defendant's Sur-Reply Position

B.     [TERM 2]

1. Plaintiff's Opening Position
2. Defendant's Answering Position
3. Plaintiff's Reply Position
4. Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

    9.    <u>Hearing on Claim Construction</u>.   Beginning at 9:00 a.m. on **May 11, 2023**, the Court will hear argument on claim construction in both cases. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of two hours for issues unique to the SeaSpine

---

[3] For each term in dispute, there should be a table or the like setting forth the term in dispute and the parties' competing constructions. The table does not count against the word limits.

case, two hours for issues unique to the NuVasive case, and one hour for any overlapping issues.[4] When the Joint Claim Construction Brief is filed, the parties shall simultaneously file a motion requesting the above- scheduled claim construction hearing, state that the briefing is complete, and state how much total time the parties are requesting that the Court should allow for the argument.

   10.   Disclosure of Expert Testimony.

      a.   Expert Reports.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **September 1, 2023**.[5]  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **October 27, 2023**.  Reply expert reports from the party with the initial burden of proof are due on or before **November 17, 2023**.  No other expert reports will be permitted without either the consent of all parties or leave of the Court.  If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report.  The parties are expected to promptly try to resolve any such disputes, and, when they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived.

---

[4] The parties request an extended claim construction hearing for both cases on the same date so that any overlapping terms can be addressed at the same time. The parties have requested five total hours to be split 2 hours, 2 hours, and 1 hour for, respectively, the terms at issue in the *Seaspine* case, the *NuVasive* case, and in both cases commonly.  The parties may request to modify the particular breakdown of hours once the Joint Claim Construction Charts are finalized and the parties have a better understanding of the term(s)/phrase(s) of the claim(s) in issue.

[5] The parties agree that these expert disclosure dates are contingent on receiving a claim construction opinion from the court sufficiently in advance of these deadlines.  The parties will work together to modify the schedule with the Court's permission in the event that they have not received the claim construction opinion at least 30 days in advance of the deadline for opening expert reports.

Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **December 22, 2023**.

        b.      <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

        11.      <u>Case Dispositive Motions</u>. All case dispositive motions shall be served and filed on or before **January 25, 2024**. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court. Absent an order of the Court upon a showing of good cause, each side is limited to one forty-page opening brief, one forty- page answering brief, and one twenty-page reply brief for all of its *Daubert* and case dispositive motions. Answering briefs shall be filed on **February 29, 2024**. Reply briefs shall be filed on **March 21, 2024**.

        12.      <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

        13.      <u>Trial Sequencing Conference</u>. On **March 22, 2024** at 9:00 a.m., the Court will hold a conference to discuss the order and scheduling of trials in these cases. The parties shall submit a joint report reflecting their proposals with respect to the order and scheduling of trials at least seven (7) days prior to the conference.

14. <u>Pretrial Conference</u>.  On **May 24, 2024**, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 8:30 a.m.  The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the fourth business day before the date of the final pretrial conference.  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

15. <u>Motions *in Limine*</u>.  Motions *in limine* shall be separately filed, with each motion containing all the argument described below in one filing for each motion.  Any supporting documents in connection with a motion *in limine* shall be filed in one filing separate from the motion *in limine*.  Each party shall be limited to three *in limine* requests per trial, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply).  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

16. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>.  Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 6 p.m. on the fourth business day before the date of the final pretrial conference.  Areas of dispute shall be identified as narrowly as possible and in a manner that makes it readily apparent

what the dispute is. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to rga_civil@ded.uscourts.gov.

17. <u>Trial</u>. These matters are scheduled for separate jury trials, five (5) days for the *SeaSpine* case and six (6) days for the *NuVasive* case,[6] the first of which shall begin at 9:30 a.m. on **June 10, 2024**, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:00 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

/s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE

---

[6] One additional trial day is appropriate for the *NuVasive* case due to the case's additional fraud-based claims and counterclaims.