IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROGER P. JACKSON, M.D.,

Plaintiff,

v.

NUVASIVE, INC.,

Defendant.

Civil Action No. 21-53-RGA

# MEMORANDUM

Before me is the Report & Recommendation of a United States Magistrate Judge. (D.I. 136). The Report addresses Plaintiff's motion to dismiss Defendant's inequitable conduct counterclaim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and to strike Defendant's equitable affirmative defenses under Federal Rule of Civil Procedure 12(f). (D.I. 96). The Report recommends that I grant the motion to dismiss without prejudice and the motion to strike. (D.I. 136 at 1). Defendant filed objections to the Report. (D.I. 139). Plaintiff responded to Defendant's objections. (D.I. 143).

I will adopt the factual findings and legal conclusions in the Report. I do not separately recite any of the facts except as I see necessary to explain my decision.

## I. LEGAL STANDARDS

Magistrate Judges have the authority to make recommendations as to the appropriate resolution of a motion to dismiss pursuant to 28 U.S.C. § 636(b)(1)(B). The Court conducts a *de*

*novo* review when determining whether to adopt a Magistrate Judge's report and recommendation on a dispositive motion. FED. R. CIV. P. 72(b)(3).

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the complaint's factual allegations as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 555. The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.* ("Factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."). Moreover, there must be sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (cleaned up)).

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "A court is not required to accept affirmative defenses that are mere 'bare bones conclusory allegations,' and may strike such inadequately pleaded defenses." *Sun Microsystems, Inc. v. Versata Enters., Inc.*, 630 F. Supp. 2d 395, 408 (D. Del. 2009). "A motion to strike will not be granted where the sufficiency of the defense depends on disputed issues of facts or where it is used to determine disputed and substantial questions of law." *Cadence Pharm., Inc. v. Paddock Labs., Inc.*, 2012 WL 4565013, at *1 (D. Del. Oct. 1, 2012). Affirmative defenses are subject to the general pleading

requirements of Federal Rule of Civil Procedure 8. Rule 8(c)(1) requires that a party "affirmatively state any avoidance or affirmative defense." FED. R. CIV. P. 8(c)(1). In general, the *Twombly/Iqbal* standard under Rule 8(a) does not apply to affirmative defenses, "which need not be plausible to survive" so long as they "provide fair notice of the issue involved." *Senju Pharm. Co. v. Apotex, Inc.*, 921 F. Supp. 2d 297, 303 (D. Del. 2013) (internal citations and quotation marks omitted). In contrast, the equitable affirmative defenses of estoppel and unclean hands must be pled with particularity under Rule 9(b). *See Sonos, Inc. v. D&M Holdings Inc.*, 2016 WL 4249493, at *4-5 (D. Del. Aug. 10, 2016) (finding that because fraud or misrepresentation is an element of estoppel and an element in unclean hands is based in fraud, the defenses must be pled with particularity under Rule 9(b)).

## II. DISCUSSION

### A. Plaintiff's Motion to Strike

Plaintiff brought this lawsuit on January 19, 2021. (D.I. 1). On October 21, 2022, Plaintiff filed a second amended complaint (SAC), alleging that several of Defendant's products infringe U.S. Patent Nos. 8,353,932 (the "'932 patent"); 8,696,711 (the "'711 patent"); 9,788,866 (the "'866 patent"); 10,335,200 (the "'200 patent"); 10,561,444 (the "'444 patent"); 10,722,273 (the "'273 patent"); 9,808,292 (the "'292 patent"); and 11,051,856 (the "'856 patent") (the "Asserted Patents"). (D.I. 77). The Asserted Patents generally relate to spinal implant systems involving separate components used to align a patient's vertebrae. (*Id.* at ¶ 8). Defendant filed a motion to dismiss the complaint under Rule 12(b)(1) for lack of standing based on a 2014 agreement that Defendant alleged had assigned all substantial right to the Asserted Patents to it and that Plaintiff had granted Defendant a covenant not to sue. (D.I. 8). On February 11, 2022, I denied Defendant's motion, finding that on the record available at the time, Plaintiff had standing to bring the lawsuit.

(D.I. 36). Defendant filed its answer and counterclaims to the SAC on December 5, 2022. (D.I. 89). Its fourth, fifth, and sixth affirmative defenses are waiver, equitable estoppel, and unclean hands, respectively. (*Id.* at ¶¶ 201-203). Defendant alleges in its counterclaims that under the 2014 agreement, Plaintiff gave Defendant intellectual property rights, freedom to operate, and a covenant not to sue for $30 million. (D.I. 89, Counterclaims at ¶¶ 92-97, 103).

Plaintiff moves to strike Defendant's fourth, fifth, and sixth affirmative defenses, arguing that Defendant has not pled sufficient facts under Rule 9(b). (D.I. 97 at 19). Plaintiff also argues that because I have already rejected the theories underlying these defenses related to the 2014 Agreement, striking the defenses is appropriate to streamline the case. (*Id.* at 20). The Report recommends that I grant Plaintiff's motion to strike the affirmative defenses. (D.I. 136 at 16).

Defendant objects to the Magistrate Judge's conclusion that my ruling on its motion to dismiss constitutes the "law of the case" that the 2014 agreement did not give Defendant rights to the Asserted Patents, freedom to operate, or a covenant not to sue. (D.I. 139 at 4).[1] Defendant argues that the Report incorrectly assumes that the basis for its affirmative defenses are "co-extensive" with the arguments it made in its motion to dismiss, and that the Magistrate Judge erred in not considering the substantive elements of waiver, estoppel, and unclean hands. (*Id.* at 2-3). Plaintiff notes that while it argued in its opening brief that I had already rejected the contention that Plaintiff had sold or assigned any of the Asserted Patents in my ruling on Defendant's motion

[1] In a footnote, Defendant refers to its argument to the Magistrate Judge that Plaintiff's motion was untimely because Defendant had pled its affirmative defenses in its answer to the first amended complaint, but Plaintiff waited until the responsive pleadings to the second amended complaint to move to strike the identical affirmative defenses. (D.I. 139 at 3 n. 2). "The District Court was not required to consider [the argument] because "arguments raised in passing (such as, in a footnote), but not squarely argued, are considered forfeited." *Higgins v. Bayada Home Health Care Inc.*, 62 F.4th 755, 763 (3d Cir. 2023) (cleaned up in relevant part). I consider the untimeliness argument to be forfeited.

to dismiss (D.I. 197 at 19-20), Defendant did not respond to this argument or raise it to the Magistrate Judge. (D.I. 143 at 4). I agree with Plaintiff that Defendant did not raise this argument to the Magistrate Judge. In its answering brief in the underlying briefing, Defendant only recited the elements of each affirmative defense and where the elements were found in its pleading. (D.I. 103 at 18-20). Defendant's argument on the law of the case is therefore forfeited. *See Jimenez v. Barnhart*, 46 F. App'x 684, 685 (3d Cir. 2002) (finding an issue raised for the first time in an objection to a Magistrate Judge's R&R to be "deemed waived"). Thus, I will grant Plaintiff's motion to strike Defendant's fourth, fifth, and sixth affirmative defenses for waiver, estoppel, and unclean hands under Rule 12(f).[2]

**B. Plaintiff's Motion to Dismiss**

Defendant's fifth counterclaim for inequitable conduct alleges that Plaintiff failed to disclose two prior art references with the intent to deceive the USPTO. (D.I. 89 at ¶¶ 112-13). Of relevance here, Defendant alleges that Plaintiff failed to cite the Purcell reference during prosecution of the '866 and '292 patents but did disclose it during the prosecution of the '932 patent. (*Id.* at ¶¶ 57-67). In order to establish inequitable conduct, an accused infringer must prove that a specific individual with a duty of candor to the PTO "misrepresented or omitted material information with the specific intent to deceive the PTO." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1287 (Fed. Cir. 2011) (en banc). Allegations of inequitable conduct must be pled with particularity. *Exergen Corp. v. Wal–Mart Stores*, 575 F.3d 1312, 1328 (Fed. Cir. 2009). "A charge of inequitable conduct based on a failure to disclose will survive a motion to dismiss only if the plaintiff's complaint recites facts from which the court may reasonably infer that a

[2] I understand the equitable defenses to be based on Plaintiff's purported fraud. Such defenses must be pled with particularity. When they are not based on fraud, a lot less is required.

specific individual both knew of invalidating information that was withheld from the PTO and withheld that information with a specific intent to deceive the PTO." *Delano Farms Co. v. Cal. Table Grape Comm'n*, 655 F.3d 1337, 1350 (Fed. Cir. 2011).

The Report recommends that I grant Plaintiff's motion to dismiss Defendant's counterclaim for inequitable conduct under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (D.I. 136 at 11, 17). Defendant objects only to the Magistrate Judge's legal conclusion on the specific intent element of its inequitable conduct claim.[3] (D.I. 139 at 6-8).

Specifically, Defendant limits its objection to the Magistrate Judge's analysis of the scope of evidence that may be considered for proving intent to deceive. (D.I. 139 at 6-7). Defendant argues that the case law relied on by the Magistrate Judge is not applicable because Defendant is not alleging that "burying" the prior art that was cited during the prosecution of the '932 patent constitutes inequitable conduct. (D.I. 139 at 7). Rather, according to Defendant, it is probative of intent to deceive where the same prior art was not cited for other patents with similar subject matter. (*Id.* at 7-8). Defendant contends that the Report improperly limits its ability to rely on this evidence because it should be permitted to rely on the facts and circumstances surrounding the Plaintiff's overall conduct during prosecution of the '866 and '292 patents. (*Id.* at 8).

Defendant does not convince me that the Magistrate Judge's analysis is contrary to law. The Magistrate Judge accurately states, "[Defendant] cites no authority supporting its position that burying a prior art reference in one application can show intent to deceive the USPTO by withholding the reference entirely in a different application." (D.I. 136 at 11). Instead, Defendant ignores the Federal Circuit's holding in *Exergen,* "The mere fact that an applicant disclosed a

[3] Defendant does not otherwise object to the Magistrate Judge's findings as it expects to amend its inequitable conduct counterclaim. (D.I. 139 at 7).

reference during prosecution of one application, but did not disclose it during prosecution of a related application, is insufficient to meet the threshold level of deceptive intent required to support an allegation of inequitable conduct." *Exergen*, 575 F.3d at 1331.

As the Magistrate Judge notes, the Federal Circuit has held that "[a]n applicant cannot be guilty of inequitable conduct if the reference was cited to the examiner." (D.I. 136 at 10) (citing *Fiskars, Inc. v Hunt Mfg. C.*, 221 F.3d 1318, 1327 (Fed. Cir. 2000)); *see also Symbol Techs., Inc. v. Aruba Networks, Inc.*, 609 F. Supp. 2d 353, 358 (D. Del. 2009) ("[A]n applicant cannot be guilty of inequitable conduct if [an allegedly withheld] reference was cited to the examiner."). Because the underlying conduct of "burying" itself is not deceptive, it cannot, by itself, be probative of deceit. I therefore grant Plaintiff's motion to dismiss Defendant's inequitable conduct counterclaim under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## III. CONCLUSION

For the reasons discussed above, I will adopt the Magistrate Judge's Report & Recommendation. (D.I. 136). I will grant Plaintiff's motion. (D.I. 96). An appropriate order will issue.

Signed this 29th day of September, 2023.

United States District Judge