IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROGER P. JACKSON, M.D.,

    Plaintiff,

v.

NUVASIVE, INC.,

    Defendant.

Civil Action No. 21-53-RGA

**ORDER**

For the reasons stated in the accompanying Memorandum Opinion, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment on the breach of contract counterclaim (D.I. 205) is DENIED;

2. Defendant's motion for summary judgment on the breach of contract counterclaim (D.I. 209) is GRANTED with respect to the Precept 882XXXX, Reline 1602XXX, Reline 1312XXX, and Armada 827XXXX products and DENIED with respect to all other accused products;

3. Plaintiff's motion for summary judgment (D.I. 205) is DENIED with respect to the unjust enrichment and breach of implied covenant of good faith and fair dealing counterclaims;

4. Plaintiff's motion for summary judgment on the fraud counterclaim (D.I. 205) is GRANTED;

5. Defendant's motion for summary judgment on the fraudulent inducement claim (D.I. 209) is DENIED IN PART because Plaintiff's claim is not barred by the statute of limitations and his theory about false and manipulated projections may proceed;

6. Defendant's motion for summary judgment on the fraudulent inducement claim (D.I. 209) is GRANTED IN PART because Plaintiff's redesign evidence is insufficient to prove a claim under Missouri law;

7. Defendant's *Daubert* motion regarding Dr. Becker's fraudulent inducement opinions (D.I. 209) is GRANTED with respect to testimony about prejudgment interest and the first but-for scenario;

8. Defendant's *Daubert* motion regarding Dr. Becker's fraudulent inducement opinions (D.I. 209) is DENIED with respect to Dr. Becker's second but-for scenario, assuming he makes the changes identified in the Memorandum Opinion; and

9. Plaintiff's motion for leave to file a sur-reply (D.I. 256) is GRANTED.

Dr. Becker needs to redo his calculations for the second but-for scenario by the COB two business days from the issuance of the accompanying Memorandum Opinion. Additionally, the parties should advise me by joint letter at least twenty-four hours before the pretrial conference whether unjust enrichment, under Missouri law, is an equitable or legal claim, i.e., should it be tried to the Court or to the jury.

IT IS SO ORDERED.

Entered this 29th day of July, 2024

_____
United States District Judge