IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROGER P. JACKSON, M.D.,

    Plaintiff,

v.

NUVASIVE, INC.,

    Defendant.

Civil Action No. 21-53-RGA

MEMORANDUM ORDER

I address a number of issues related to the upcoming trial.

First, I have a number of letters concerning unjust enrichment. (D.I. 313, D.I. 316, D.I. 326). I think Defendant has framed its unjust enrichment claim as a legal claim. It seeks a money judgment. It does not seek reformation or rescission. It does not seek a constructive trust. It seeks a legal remedy. Under Missouri law, Defendant has a right to a jury trial for that claim. *See Blue Cross Health Servs., Inc. v. Sauer*, 800 S.W.2d 72, 75-76 (Mo. Ct. App. 1990). The unjust enrichment claim will be tried to the jury.

Second, I have a letter from Defendant (D.I. 331) following up on an issue in the proposed pretrial order (D.I. 308). The proposed pretrial order listed the statute of limitations as a defense to all three of Defendant's counterclaims. (*Id.* ¶ 71). The parties appear to agree Missouri has a five-year statute of limitations for all three counterclaims. (*Id.*, D.I. 331 at 1). Defendant suggests that the relevant date is five years before October 13, 2020, the day suit was filed in the California version of this case. (D.I. 331 at 2 n.2).[1] Essentially, Defendant is asking in the letter that I grant it summary judgment on the statute of limitations defense. I cannot say

---

[1] The counterclaims were first filed on March 11, 2022. (D.I. 41).

what I would have done had this issue been presented to me in the summary judgment briefing, but it wasn't. Therefore, I will deny the request without prejudice to any renewal of the request in a JMOL or at some other appropriate time.

Third, I have letters relating to the BOT Implants summary judgment ruling. (D.I. 330, D.I. 334; *see also* D.I. 333). I wanted to minimize any prejudice to Plaintiff from saying that a judge had ruled that Plaintiff breached the covenant not to sue by accusing the BOT Implants of patent infringement. I also did not want to put that in my preliminary jury instructions. The various submissions by the parties attempting to implement my inarticulate statement at the pretrial conference show that this is no easy task. I think what we need is both a stipulation and a jury instruction. I think the stipulation should be:

> The parties agree that in this lawsuit, which was filed in January 2021, Dr. Jackson accused four of NuVasive's products, the Armada 827XXXX, the Precept 882XXXX, the Reline 1312XXXX, and the Reline 1602XXXX, of patent infringement. The parties now agree that the four products are licensed by the 2014 Agreement in the license grant for "BOT Implants." Thus, the filing of the lawsuit breached the 2014 Agreement's "covenant not to sue" provision.

I propose that I read this to the jury at such time in Defendant's case as the issue first arises. I also propose, at Dr. Jackson's option, that I instruct the jury after reading the stipulation with something like, "The fact that covenant not to sue was breached in relation to the BOT Implants license grant is irrelevant to your consideration of whether covenant not to sue was breached in relation to the Helical Flange license grant. You should not consider that fact when you are deciding the issues relating to the dispute over the Helical Flange license grant."[2]

---

[2] If either party wants to submit any improvements or corrections to the proposed stipulation, the party should do so by noon on Sunday. If Dr. Jackson wants the instruction, and thinks there is a better way to say it, he should submit a letter with the better way by noon on Sunday. If Dr. Jackson wants the instruction as is, or doesn't want the instruction, he can so advise on Monday morning.

The remaining issue concerns Mr. Cardon (D.I. 336), which I will address separately.

IT IS SO ORDERED this 9th day of August 2024.

_Richard G. Andrews_
United States District Judge