

222 Delaware Avenue, Suite 1101, Wilmington, DE 19801  •  (302) 252-0920

August 13, 2024

Stephen J. Kraftschik
(302) 252-0926
(302) 397-2659 (Fax)
skraftschik@polsinelli.com

**VIA E-FILING**

The Honorable Richard G. Andrews
United States District Court
 for the District of Delaware
844 N. King Street
Wilmington, DE  19801

      Re:     <u>Roger P. Jackson, M.D. v. NuVasive, Inc.,</u> C.A. No. 21-53 (RGA)

Dear Judge Andrews:

    The parties write in accordance with the discussion at the end of Trial Day 1 concerning proposed deposition designations and objections thereto.  The parties met and conferred extensively on the designations and objections and were able to significantly narrow the initial objections.

    For those that remain, the parties identified the undisputed testimony in green highlighting, and have included in yellow highlighting, with comments, the portions of testimony for which there are outstanding objections.

## Bacila Day 1 (Exhibit 1)

    ***NuVasive's Objections***: NuVasive objects to the testimony on pages 18–19 and 113 concerning the Rule 30(b)(6) topics themselves and the witness's preparation to testify about them under FRE 402 and 403 because the topics and the witness's preparation are discovery issues that are not relevant to any issue before the jury.  The jury is also likely to be confused by and not understand the testimony.

    **Dr. Jackson's Position**: Dr. Jackson agrees to remove this testimony.  NuVasive also highlighted testimony on Page 17 that Dr. Jackson agrees to remove.

    ***NuVasive's Objections***: NuVasive objects to the testimony on pages 105–06 under FRE 402, 403, and for lacking foundation and calling for speculation.  The questions concern hypotheticals about NuVasive's ability to bear additional royalties on the sales of its products, which is not proper testimony from a fact witness and requires speculation.

    **Dr. Jackson's Position**: Dr. Jackson agrees to remove this testimony.

Atlanta | Boston | Chattanooga | Chicago | Dallas | Denver | Fort Lauderdale | Fort Worth | Houston
Kansas City | Los Angeles | Miami | Nashville | New York | Park City | Philadelphia | Phoenix | Raleigh
Salt Lake City | San Diego | San Francisco | Seattle | St. Louis | Washington, D.C. | Wilmington

polsinelli.com

97055004.1



The Honorable Richard G. Andrews
August 13, 2024
Page 2

***NuVasive's Objections***: NuVasive objects to the testimony on pages 121–22 under FRE 402, 403, and for lacking Foundation. The testimony addresses NuVasive's document retention practices, which is not relevant to any claim or defense in the case.

**Dr. Jackson's Position**: Dr. Jackson agrees to remove this testimony.

***NuVasive's Objections***: NuVasive objects to the testimony on pages 133–34, through which Plaintiff intends to introduce one of NuVasive's Form 10-K SEC filings. During the deposition, the witness was shown only the first and last pages of the Form 10-K. Plaintiff cannot use this testimony to admit the whole thing.

**Dr. Jackson's Position:** Dr. Jackson maintains his position on this testimony. This is a public NuVasive SEC filing and Mr. Bacila was designated as a 30(b)(6) witness on financial topics.

### Bacila Day 2 (Exhibit 2)

***NuVasive's Objections:*** NuVasive objects to the testimony on page 8 concerning the Rule 30(b)(6) topic itself and the witness's preparation to testify about it under FRE 402 and 403 because the topic and the witness's preparation are discovery issues that are not relevant to any issue before the jury. The jury is also likely to be confused by and not understand the testimony.

**Dr. Jackson's Response**: Dr. Jackson agrees to remove the testimony on page 8.

***NuVasive's Objections:*** NuVasive objects to the testimony on pages 55–61 under FRE 402, 403, 602, and because the testimony is outside of the scope of the one Rule 30(b)(6) Topic for this deposition. The testimony confirms an internal NuVasive Accounting Memo. The Rule 30(b)(6) Topic concerned revenue projections that were provided to Dr. Jackson and the process of and reasons for any changes to them.[1] NuVasive's internal accounting practices, procedures, and documents are not fairly within the scope of the Topic.

**Dr. Jackson's Response**: Dr. Jackson agrees to remove the testimony on page 8.

The proposed testimony on pages 55-61 concerning the December 31, 2014 Accounting Memo is easily within the scope of the parties' agreed deposition topic. The parties' agreed on the following Topic for Mr. Bacila's second, follow-up deposition to which the parties agreed to allow Dr. Jackson to obtain deposition testimony regarding the internal projections and related

---

[1] **Topic 1 (of 1):** "NuVasive's internal revenue projections and models and the process of and reasons for any changes to NuVasive's internal revenue projections and models into the projections and models provided to Dr. Jackson, including the persons involved, their involvement, and the documents and communications related thereto."

97055004.1



The Honorable Richard G. Andrews
August 13, 2024
Page 3

communications that were produced on the last day of fact discovery.[2] The parties agreed to the following deposition topic. Mr. Bacila had previously been designated on Topic 71 from Plaitniff's original 30(b)(6) notice.

> AGREED TOPIC NO. 1 FOR SECOND 30(b)(6) DEPOSITION:
> NuVasive's internal revenue projections and models and the process of and reasons for any changes to NuVasive's internal revenue projections and models into the projections and models provided to Dr. Jackson, including the persons involved, their involvement, and the documents and communications related thereto.
>
> ORIGINAL TOPIC ON WHICH BACILA DESIGNATED (#71)
> The forecasts NuVasive business units had prepared for their own purposes as of 2014 for the products identified in the spreadsheet forecasts supplied by NuVasive to Dr. Jackson in connection with negotiation of the 2014 Agreement.

The December 31, 2014 accounting memo is easily within the scope of this agreed topic No. 1 (and the previous Topic No. 71) and NuVasive's objection to this document and related deposition testimony are perplexing. The Accounting Memo is a memo on NuVasive's letterhead to its accounting files, drafted by Marc Rosenbaum from NuVasive's accounting group. Mr. Rosenbaum is on email correspondence related to NuVasive's internal projections and "haircuts" and NuVasive is not objecting to Mr. Bacila's testimony about those exhibits. The Accounting Memo itself discusses NuVasive's projections and thus it is clearly within the scope of the deposition topic:

> The fair value relating to the IP Patents and License Rights totaled $32.8 million, and was determined using a relief of royalty discounted cash flow calculation. The calculation involved future forecasts of our domestic and international royalties on products which utilize the IP involved in the IP Agreement. The Company projected its ongoing royalty obligation under the original agreement based on its best estimate of future product sales subject to the acquired technology rights. As part of the discounted cash flow projections, the Company used an 8% discount rate. The Company's WACC is approximately 9%. The Company selected 8% as the discount rate as the Company believes the revenue associated with the product lines involved with the IP is less risky than future potential product launches, including pre-commercialization products and yet-to-be developed products.

---

[2] These are largely the same facts on which Dr. Jackson argued tolling of the statute of limitations. The Court ultimately denied NuVasive's motion for summary judgment on its statute of limitations defense. D.I. 285 at 17.



The Honorable Richard G. Andrews
August 13, 2024
Page 4

PX043 at 3.

To the extent the Court needs more information about the parties' exchanges related to the impact of NuVasive's last-minute production of the internal projections and related documents, and the impact that had on the parties' agreements regarding discovery to ameliorate the prejudice of that late-production, Plaintiff's counsel can address this in the courtroom but will not burden the court with these additional details here.

### Lish (Exhibit 3)

**NuVasive's Objections:** None.

### German Day 1 (Exhibit 4)

**NuVasive's Objections:** NuVasive objects to the testimony on pages 10, 16, 27, and 32–33 concerning the Rule 30(b)(6) topics themselves and the witness's preparation to testify about them under FRE 402 and 403 because the topics and the witness's preparation are discovery issues that are not relevant to any issue before the jury. The jury is also likely to be confused by and not understand the testimony.

**Dr. Jackson's Position**: Dr. Jackson agrees to remove the designations except for page 27:25-28:3.

### German Day 2 (Exhibit 5)

**NuVasive's Objections:** NuVasive objects to the testimony on pages 496–97 under FRE 402 and 403, as the questions as Mr. German to speculate about the potential results of searches for Dr. Jackson's patents. For the same reason, the testimony is also improper because the questions call for speculation.

**Dr. Jackson's Position:** Dr. Jackson agrees to remove the designations.

### Valentine (Exhibit 6)

**NuVasive's Objections:** NuVasive objects to the testimony on page 17 under FRE 403 and 403; this testimony concerns Dr. Jackson's fraud theory concerning undisclosed information about Reline/Falcon Plate, which is out of the case.

NuVasive objects to the testimony on pages 53 and 161 under FRE 403 and because the questions are argumentative. With respect to the testimony on page 161, the questions have also already been asked and answered throughout the preceding deposition.

**Dr. Jackson's Position**: Dr. Jackson maintains his position on this relevant testimony. The testimony on page 17 is relevant to NuVasive's flagship product and the internal projections (and the haircuts thereto). The testimony on page 53 is directly relevant and not argumentative. This



The Honorable Richard G. Andrews
August 13, 2024
Page 5

is the testimony in which Mr. Valentine states "The deal is the deal."  The testimony on page 161 is directly and highly relevant, and not cumulative: "I personally don't think he has a right to every model that was generated. He has a right to the models that we wanted to use to negotiate with him."

        Respectfully,

        /s/ *Stephen J. Kraftschik*

        Stephen J. Kraftschik (#5623)

SJK:ncf
cc: Counsel of Record (via E-Mail)