IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROGER P. JACKSON, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-53 (RGA) |
| | ) | |
| NUVASIVE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>VERDICT FORM</u>**

In answering these questions, you are to follow all of the instructions that I have given you.  Additionally, please read the instructions below and follow them carefully.

## PART I – DR. JACKSON'S FRAUDULENT INDUCEMENT CLAIM

### Question # 1 – Dr. Jackson's Claim for Fraudulent Inducement

1.      Did Dr. Jackson prove by a preponderance of the evidence that NuVasive fraudulently induced him to enter into the 2014 Agreement?

*Answer by checking "Yes" (for Dr. Jackson) or "No" (for NuVasive).*

Yes (for Dr. Jackson) _____          No (for NuVasive)      _____

If your answer to Question # 1 is Yes, then answer Question # 2.  If your answer to Question # 1 is No, move on to Part II.

### Question # 2 – Damages for Dr. Jackson's Claim for Fraudulent Inducement

2.      What sum of money do you find based on a preponderance of the evidence would fairly and reasonably compensate Dr. Jackson for NuVasive's fraudulent inducement?

$_____

**Move on to Part II.**

1

## PART II – NUVASIVE'S CLAIM FOR BREACH OF CONTRACT

3.    For each of the Asserted Patents in the table below, did NuVasive prove by a preponderance of the evidence that the Asserted Patent meets the definition of "Helical Flange" such that Dr. Jackson's assertion of that patent in litigation breached the covenant not to sue?

*Answer by checking "Yes" (for NuVasive) or "No" (for Dr. Jackson).*

| Asserted Patent | Yes (NuVasive) | No (Dr. Jackson) |
|---|---|---|
| U.S. Patent No. 8,353,932 ("the '932 patent") | | |
| U.S. Patent No. 8,696,711 ("the '711 patent") | | |
| U.S. Patent No. 9,788,866 ("the '866 patent") | | |
| U.S. Patent No. 9,808,292 ("the '292 patent") | | |
| U.S. Patent No. 10,335,200 ("the '200 patent") | | |
| U.S. Patent No. 10,561,444 ("the '444 patent") | | |
| U.S. Patent No. 10,722,273 ("the '273 patent") | | |
| U.S. Patent No. 11,051,856 ("the '856 patent") | | |

If you checked Yes for each of the eight patents, do not answer any further questions. Have the foreperson sign and date this form.

**If you answered No for at least one of the eight patents, move on to Part III.**

**PART III – NUVASIVE'S CLAIMS FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING AND UNJUST ENRICHMENT**

**Question # 4 – NuVasive's Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing**

4. Did NuVasive prove by a preponderance of the evidence that Dr. Jackson breached the covenant of good faith and fair dealing implied in the 2014 Agreement?

*Answer by checking "Yes" (for NuVasive) or "No" (for Dr. Jackson).*

Yes (for NuVasive)  _____      No (for Dr. Jackson)  _____

Move on to Question # 5.

**Question # 5 – Statute of Limitations for NuVasive's Breach of the Implied Covenant of Good Faith and Fair Dealing Claim**

5. Did Dr. Jackson prove by a preponderance of the evidence that NuVasive's claim for breach of the implied covenant of good faith and fair dealing is barred by the statute of limitations?

Yes (for Dr. Jackson)  _____      No (for NuVasive)  _____

Move on to Question #6.

**Question # 6 – NuVasive's Claim for Unjust Enrichment**

6. Did NuVasive prove by a preponderance of the evidence that Dr. Jackson was unjustly enriched in connection with the 2014 Agreement?

*Answer by checking "Yes" (for NuVasive) or "No" (for Dr. Jackson).*

Yes (for NuVasive)  _____      No (for Dr. Jackson)  _____

Move on to Question # 7.

**Question # 7 – Statute of Limitations for NuVasive's Unjust Enrichment Claim**

7. Did Dr. Jackson prove by a preponderance of the evidence that NuVasive's claim for unjust enrichment is barred by the statute of limitations?

Yes (for Dr. Jackson)  _____      No (for NuVasive)  _____

If your answer to Question # 4 is Yes and your answer to Question # 5 is No, or if your answer to Question # 6 is Yes and your answer to Question # 7 is No, move on to Question # 8.  Otherwise, please turn to the next page and have the foreperson sign and date this form.

**Question # 8 – NuVasive's Damages for Breach of the Implied Covenant of Good Faith and Fair Dealing or Unjust Enrichment**

8.     What sum of money do you find based on a preponderance of the evidence would fairly and reasonably compensate NuVasive for Dr. Jackson's breach of the implied covenant of good faith and fair dealing and/or unjust enrichment?

$\$$_____

**Please turn to the next page and have the foreperson sign and date this form.**

## **<u>UNANIMOUS VERDICT</u>**

We, the jury, unanimously agree to the answers to the above questions and return them as our verdict in this case.

Date:  _____        Foreperson: _____