IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROGER P. JACKSON, M.D.,<br><br>   Plaintiff,<br><br>  v.<br><br>NUVASIVE, INC.,<br><br>   Defendant. | Civil Action No. 21-53-RGA |

MEMORANDUM ORDER

Before me is NuVasive's Motion to Vacate the Trial Date or Stay Proceedings and for Expedition. (D.I. 438). I granted expedition. (D.I. 441). I have considered the parties' briefing on the merits. (D.I. 438, 445, 447). For the reasons set forth below, the remaining balance of the motion is DENIED.

First, good cause does not exist to vacate the trial date. NuVasive argues that good cause exists "where a potentially case-dispositive—or at least trial-delaying—motion is pending" (D.I. 438 at 6), referring to its Rule 59(e) motion at D.I. 383. However, I am "very doubtful" that NuVasive's Rule 59(e) motion will be successful. (D.I. 424-1 at 11 of 19). Having revisited the merits of that motion since the latest status conference, I remain doubtful that it will succeed. The possibility that NuVasive's Rule 59(e) motion will render the trial moot is therefore unlikely.

Second, a stay of proceedings is not warranted in the exercise of the Court's discretion.

> "Courts generally consider three factors to determine whether a stay is appropriate:
> (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage."

1

*Int'l Bus. Machines Corp. v. Rakuten, Inc.*, 680 F. Supp. 3d 531, 534 (D. Del. 2023). Here, the factors overall weigh against a stay. A stay pending resolution of NuVasive's motion is not likely to simplify the issues for the reasons outlined above. Next, discovery is complete and a trial date—which is imminently approaching—has been set. Finally, while I doubt granting a stay would cause Jackson to suffer undue prejudice or grant NuVasive with a clear tactical advantage, that is not an independently compelling reason to grant the stay.

The remainder of the parties' arguments are focused on the possibility of appeal. NuVasive states, "NuVasive intends to appeal the *final judgment* entered by the Court following summary judgment and the non-patent jury trial in this bifurcated action, which denied NuVasive's counterclaim that the patents-in-suit are licensed such that Dr. Jackson breached his covenant not to sue on them." (D.I. 447 at 3). Nuvasive's approach risks costing as much time as it could save. If NuVasive's appeal fails, the trial will be delayed, probably by about two years, and, depending on the results of the trial, one side or the other is likely to appeal anyway, meaning the Federal Circuit would be hearing the second appeal in about 2028. In the interest of avoiding further disruption to the parties' preparations ahead of trial, as well as avoiding the potential for multiple rounds of litigation before the Federal Circuit, this motion is denied.

IT IS SO ORDERED.

Entered this 24th day of March, 2025

_____
United States District Judge