IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROGER P. JACKSON, M.D.,<br><br>  Plaintiff,<br><br>  v.<br><br>NUVASIVE, INC.,<br><br>  Defendant. | Civil Action No. 21-53-RGA |

MEMORANDUM ORDER

Before me is Plaintiff's Motion for Clarification or Reconsideration of the Court's February 21, 2025 Order. (D.I. 435). I have considered the parties' briefing. (D.I. 435, 446). For the reasons set forth below, this motion is DENIED.

The standard for obtaining relief under Rule 59(e) is difficult for a party to meet. "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). The purpose of a motion for reconsideration is not to "rehash arguments already briefed." *Adkins v. Rumsfeld*, 470 F. Supp. 2d 445, 447 (D. Del. 2007) (quoting *Dentsply Int'l. Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999)).

My February 21, 2025 order summarizes the background of Plaintiff's current motion:

> Plaintiff accused a plethora of Defendant's products of infringement. (D.I. 191 at 14–22; *see* D.I. 169 at 2–3). Defendant responded in part by filing a counterclaim saying all the accused products had been licensed. (D.I. 201 at 18, 40–41). The parties agreed to a stipulation that eight of the accused products would be representative of the rest of the accused products. (D.I. 169). Thereafter, at

1

> summary judgment, I ruled that Defendant's products that had a "BOT extension" were licensed. (D.I. 261 at 15). I was unsure about which products met this requirement. (*Id.*). Thus, I asked the parties to tell me whether my ruling "results in any of the accused products being licensed." (D.I. 262). The parties responded with a joint status report. (D.I. 263). In it, they agreed that four products—Precept 882XXXX, Reline 1602XXXX, Reline 1312XXXX, and Armada 827XXXX—"include a BOT extension feature and would be licensed under the Court's [decision]. The Parties disagree on certain other issues." (*Id.* at 1). One of the four "licensed" products—Precept 882XXXX—was a representative product. (*Id.* at 4 of 11). The other three were not. (*Id.*).
>
> At argument on summary judgment motions, I indicated that I would split the litigation into a patent trial and an "all other claims" trial. (D.I. 271 at 1). The parties entered into a stipulation to split the litigation, with the "all other claims" trial to go first. (D.I. 271). We had the "all other claims" trial last August. In connection with that trial, the parties stipulated, Defendant "shall be awarded $337,500 for [Plaintiff's] breach of the 2014 License Agreement associated with the assertion of patents on BOT Implant products." (D.I. 355). . . .
>
> The parties dispute the impact of the stipulation and the BOT extension ruling on the patent claims. (D.I. 422, 426, 427). Essentially, the dispute boils down to this: Plaintiff says that he can get patent damages for three products that have BOT extensions because they are represented per the stipulation by products that do not have BOT extensions. Plaintiff acknowledges that he cannot proceed with infringement (and therefore with damages) for the Precept 882XXXX; Plaintiff agrees that it also cannot proceed against the Precept 880YYYY, which the Precept 882XXXX represents, even though it is agreed that the Precept 880YYYY does not have a BOT extension. Defendant's position is that, notwithstanding the stipulation, Plaintiff cannot get patent damages for a licensed product that I have determined to be a licensed product. Defendant's position on the one representative product with a BOT extension—the Precept 882XXXX—is that it is licensed; Defendant is relatively indifferent about what happens to the Precept 880YYYY.

(D.I. 431 at 1–2).

I sided with Plaintiff and determined that Defendant "[had] not offer[ed] any strong arguments in favor of withdrawing the stipulation." (*Id.* at 4). Among other arguments, I rejected two that are relevant to the current motion. First, I rejected the argument that "the stipulation does not matter because I made a ruling on a breach of contract claim that is contrary to the stipulated patent facts. That argument carrie[d] little weight because the stipulation did not purport to apply to the breach of contract claim." (*Id.*). Second, I rejected the argument that "Plaintiff [was]

collaterally estopped by the breach of contract ruling[,]" since "[c]ollateral estoppel requires a 'prior adjudication'" and "[t]he patent claims and the breach of contract claim are parts of the same case" rather than separate adjudications, as well as the fact that "the patent claims [were] controlled by the stipulation" while "[t]he breach of contract claim was not." (*Id.*).

Defendant's present motion (D.I. 435) essentially rehashes these two arguments.

The motion's first section, "The Court Should Reconsider or [Clarify] Its Ruling that the Stipulation Supersedes Its Ruling on Summary Judgment[]" (*id.* at 1), essentially mirrors its previous argument that "The Four Licensed BOT Implant Products Do Not Infringe the Patents-In-Suit as a Matter of Law, and Dr. Jackson Cannot Pursue Claims Against Them." (D.I. 426 at 2). Both rely on my summary judgment opinion to assert that the BOT Implant Products are licensed under the 2014 agreement and are therefore non-infringing as a matter of law. I rejected that argument "because the stipulation did not purport to apply to the breach of contract claim." (D.I. 431 at 4).

Defendant suggested at the pretrial conference that its current motion included a new argument, or new support, at least, based on my interpretation of the 2014 agreement: "With that issue preclusion we raised the issue of law in the case, but we did not point specifically to your interpretation of [section] 3.01 in the original submission to Your Honor. We did point that out in the reconsideration motion. . . ." (D.I. 473 at 86:8-12). I do not consider this a new argument, as it simply identifies with more specificity the portion of my summary judgment findings that purportedly conflict with the parties' stipulation.

Defendant's second section, "The Court Should Reconsider Its Ruling that Dr. Jackson Is Not Precluded from Seeking Damages for Licensed Products[]" (D.I. 435 at 4), mirrors its previous argument that "Collateral Estoppel Precludes Dr. Jackson from Relitigating the Issue of Whether

the Four 'BOT Implant' Products Infringe the Patents-In-Suit." (D.I. 426 at 2). Defendant's only new argument asserts, "prior rulings are law of the case." (D.I. 435 at 4). This argument fails, however, for the same reason that I rejected Defendant's argument that the stipulation and my summary judgment opinion conflict. The stipulation did not purport to apply to the breach of contract claim and is therefore not in conflict with the "law of the case."[1]

Defendant's motion includes a section newly arguing, "In light of [Dr. Jackson's upfront royalty payment to the licensed products,] permitting Dr. Jackson to recover damages would amount to an impermissible double recovery." (D.I. 435 at 5). This argument could easily have been raised earlier, making it inappropriate for a motion to reconsider. Nevertheless, I reject this argument as well, because it merely re-states the parties' overall dispute: whether Plaintiff can seek damages for infringement by products which Defendant has already licensed. Even if I assumed that enforcing the stipulation would result in double recovery, that is a possibility to which Defendant exposed itself when it entered into the stipulation.

Based on the foregoing, I deny reconsideration. That leaves one issue. "Should the Court deny reconsideration, NuVasive respectfully requests clarification as to *when* the accused products with BOT Implants became unlicensed for infringement purposes." (D.I. 435 at 3). The stipulation provides the answer to this question: "if Plaintiff proves that a Representative Product infringes a particular claim, then the other members of that Accused Product family, as identified below, are deemed to also infringe that particular claim." (D.I. 170 at 2). Therefore, if Plaintiff proves that the relevant representative products infringe, then so do the "licensed" products, unconditionally.

---

[1] The stipulation was signed and filed before the summary judgment ruling. To the extent there was a conflict between them, the stipulation had priority.

4

"Thus, the damages period for Reline 1602XXX[X], Reline 1312XXX[X], and Armada827XXXX would be equal to the entire family history of those products." (D.I. 446 at 5).

Plaintiff's Motion for Clarification or Reconsideration of the Court's February 21, 2025 Order (D.I. 435) is DENIED.

IT IS SO ORDERED.

Entered this 8th day of April, 2025

_____
United States District Judge