IN THE UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROGER P. JACKSON, M.D., <br><br> Plaintiff, <br><br> v. <br><br> NUVASIVE, INC., <br><br> Defendant. | Civil Action No. 21-53-RGA |

MEMORANDUM ORDER

Before me is Plaintiff's Motion to Strike Improper References Cited in NuVasive's Section 282 Notice. (D.I. 470). I have considered the parties' briefing. (D.I. 470, 485, 486). For the following reasons, Plaintiff's Motion is GRANTED IN PART and DENIED IN PART.

Plaintiff accurately states the relevant legal background:

> Section 282 provides a "statutory outer limit" for disclosing prior art to be relied on by an accused infringer at trial. *Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1280 (Fed. Cir. 2012). However, "Section 282 does not eliminate a defendant's obligations under the Federal Rules of Civil Procedure. To the contrary, the statute and the rules are intended to coexist." *Id.*; *see also ATD Corp., v. Lydall, Inc.*, 159 F.3d 534, 551 (Fed. Cir. 1998) ("The purpose of § 282, like that of the Federal Rules, is to prevent unfair and prejudicial surprise, not to facilitate last-minute production of evidence.").

(D.I. 470 at 2).

Here, Plaintiff identifies five categories of references Defendant provides in its § 282 notice for which Plaintiff claims it has not laid a sufficient foundation to avoid unfair and prejudicial surprise. (D.I. 470 at 1). I address each in turn.[1]

---

[1] Defendant argues that Plaintiff "failed to make reasonable efforts to resolve the motion as required by Local Rule 7.1.1. . . ." (D.I. 485 at 2). Plaintiff disagrees. (D.I. 486 at 1). Given the proximity to trial, I am not inclined to further delay this motion by determining whose

The first category consists of "seven references never before disclosed by NuVasive. . . ." (*Id.*). Defendant has already withdrawn one of these references (D.I. 485 at 5 n.6), and with respect to the remaining references, I agree with Plaintiff that Defendant never properly disclosed them. At no point before filing its § 282 notice, in an expert report or discovery request, did Defendant ever indicate that it would rely on these references. The fact that these references were at some point disclosed by Dr. Jackson, or Dr. Oxland, is immaterial, as that would not have put Plaintiff on notice to the fact that Defendant intended to use these references to show invalidity or demonstrate the state of the art. These references are STRUCK from Defendant's § 282 notice.

The second category consists of "five of Dr. Jackson's other patents, never relied upon by NuVasive previously in connection with invalidity issues. . . ." (D.I. 470 at 1). NuVasive argues that it may use these references "to show the state of the art through cross examination of Dr. Jackson." (D.I. 485 at 6). Plaintiff "concedes that if Dr. Jackson testifies about any of the Category B references, NuVasive is free to cross-examine him on them" (D.I. 486 at 5), but suggests NuVasive will "attempt to elicit non-disclosed testimony from Dr. Jackson to gap-fill holes in Mr. Fallin's expert disclosures." (*Id.*). Whether Defendant's cross-examination of Dr. Jackson exceeds the scope of direct examination or solicits expert opinions from a fact witness or is otherwise objectionable is a determination to be made at trial, so these references are not struck from Defendant's § 282 notice.

The third category is Dr. Jackson's "Helical Flange" patent. (D.I. 470 at 1). I will likely exclude this reference on Rule 402 and 403 grounds, so considering it in the § 282 context is unnecessary.

---

characterization of events is correct or requiring that Plaintiff further discuss with Defendant. I therefore proceed to the merits.

The fourth category consists of five references in Mr. Fallin's obviousness claim chart. (*Id.*). Though NuVasive argues that these references will serve as "evidence of the state of the art" (D.I. 485 at 6–7), they are "cited in the right-hand column of the charts to show teachings of specific claim limitations" (*id.* at 6) and there is no indication they appear in the section of Mr. Fallin's report dedicated to the state of the art. In the interest of avoiding juror confusion and unfair surprise to Plaintiff, these references are STRUCK from Defendant's § 282 notice.

The fifth category consists of five references for which Defendant failed to provide page numbers. (D.I. 470 at 1). Defendant has provided the page numbers (D.I. 485 at 7), and Plaintiff has withdrawn its objection to these references (D.I. 486 at 1 n.1), making moot the request to strike this category.

IT IS SO ORDERED.

Entered this 11th day of April, 2025

_____
United States District Judge